# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LARRY SMITH,
    Petitioner,

vs.

WARDEN, HOCKING CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:10-cv-218

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Hocking Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse. (Docs. 1, 6, 7).

I.    **FACTUAL BACKGROUND**

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's conviction and sentence:[1]

> {¶ 2} Eighty-year-old victim Sam Hutchinson testified that Smith had entered his home posing as an insurance agent and then robbed him of $500. Eyewitness David Carter, an acquaintance of Smith's, testified that he and Smith had gone to Hutchinson's house together because they knew that Smith had just sold a car, and therefore that he probably had money in his home. According to Carter, Smith had tricked Hutchinson into taking his wallet out of his pocket by asking him for identification. Carter testified that Smith then grabbed Hutchinson's wallet, took the money from it, threw Hutchinson against a wall, and "took off running."

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

{¶ 3} Hutchinson and Carter were both state's witnesses. Their testimony was somewhat conflicting. Most significantly, Hutchinson did not state that Smith had shoved him-but Hutchinson was not specifically asked that question.

{¶ 4} Smith testified in his own defense. He claimed that he had not robbed Smith, but that Carter had.

(Doc. 6, Ex. 9, pp. 2-3).

II.  PROCEDURAL HISTORY

### State Trial and Appellate Court Proceedings

On April 17, 2008, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(3) and one count of theft from an elderly person or disabled adult in violation of Ohio Rev. Code § 2913.02(A)(1). (Doc. 6, Ex. 1). Through counsel, petitioner entered a plea of not guilty on all counts. (Doc. 6, Ex. 2). Petitioner was found guilty of both charges and was sentenced to five years for the robbery conviction and twelve months for the theft from an elderly person conviction, with the sentences to run concurrently. (Doc. 6, Ex. 3).

On July 15, 2008, petitioner filed a timely appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 4). Petitioner raised four assignments of error:

1. The trial court erred to the prejudice of Defendant-Appellant by finding him guilty of robbery and theft, as those findings were not supported by sufficient evidence.

2. The trial court erred to the prejudice of Defendant-Appellant by finding him guilty of robbery and theft, as those findings were contrary to law.

3. The trial court erred to the prejudice of Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29.

4. The trial court erred to the prejudice of Defendant-Appellant in sentencing him on Counts 1 and 2.

(Doc. 6, Ex. 5). On February 23, 2009, petitioner filed a pro se supplemental appellate brief, raising two additional assignments of error:

      1. Trial counsel was ineffective for not filing a motion for an in court camera inspection pursuant to Ohio Rules of Criminal Procedure Rule 16(B)(1)(g).

      2. The trial court erred to the prejudice of the Defendant-Appellant in failing to consider the lesser included offense of Theft.

(Doc. 6, Ex. 7). On July 2, 2009, the Ohio appellate court sustained petitioner's fourth assignment of error, affirmed the judgment of the trial court with respect to the findings of guilt and remanded the case back to the trial court for resentencing on the robbery charge only. (Doc. 6, Ex. 9).[2]

On July 30, 2009, the Ohio trial court sentenced petitioner to five years incarceration for his robbery conviction. (Doc. 6, Ex. 14). The theft conviction was merged with the robbery conviction for the purposes of sentencing. *Id.*

Prior to resentencing, petitioner filed a pro se motion for a new trial (Doc. 6, Ex. 15) and a motion to waive the required time for a new trial. (Doc. 6, Ex. 16). As an attachment to his motion for a new trial, petitioner included a Lockland Police Department statement form signed by David Carter.[3] (Doc. 6, Ex. 15, Ex. B). Petitioner argued that the written statement would have enabled the defense to impeach Carter's testimony and argued that the state violated his due process rights by failing to disclose the favorable evidence. (Doc. 6, Ex. 15, p. 3-4). On July 30, 2009, the trial court denied the motion as untimely. (Doc. 6, Ex. 17).

Petitioner, through new counsel, filed an appeal from trial court's denial of his motion for

---

[2] The appellate court also held that it could not consider petitioner's ineffective assistance of counsel claim, the first of petitioner's pro se assignments of error, because the claim was based on matters outside the record of his direct appeal. (Doc. 6, Ex. 9, pp. 4-5). Petitioner argued that his trial counsel was ineffective because counsel failed to obtain David Carter's police investigation report, *see infra* n.3, which petitioner claimed would have permitted counsel to impeach Carter's testimony. (Doc. 6, Ex. 7, pp. 1-2). Petitioner did not provide the Ohio Court of Appeals with the report in connection with his appeal. (*See* Doc. 6, Ex. 7).

[3] Carter's statement stated: "I David Carter was outside taking a leak, me and Larry Smith went into Sammy D. house to visit him. I sit down on the couch. Larry sat on the, (sic) the next thing I know Larry grab Sammy D. touch his wallet push him down, and took off running. And I found him on Wayne Ave. and beat him with a brick

3

a new trial on August 28, 2009. (Doc. 6, Ex. 18). Petitioner presented the following assignment of error:

> The Court Erred Abused its Discretion by Overruling the Motion for New Trial as Being Time Barred Without First Considering if the Defendant was Unavoidably Prevented from Discovering New Evidence Proffered.

(Doc. 6, Ex. 19). On June 9, 2010, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the trial court's judgment. (Doc. 6, Ex. 21).

### Ohio Supreme Court

On July 27, 2009, petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 6, Ex. 10). In his memorandum in support of jurisdiction, petitioner asserted three propositions of law:

> I. The trial court erred to the prejudice of Defendant-Appellant by finding him guilty of robbery and theft, as those findings were not supported by sufficient evidence, and the State failed to meet its burden of proof.
>
> II. The trial court erred to the prejudice of Defendant-Appellant by finding him guilty of robbery and theft, as those findings were contrary to law, and were against the manifest weight of the evidence.
>
> III. The trial court erred to the prejudice of Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29, as the State failed to meet its burden of proving that Appellant was guilty of robbery and theft.

(Doc. 6, Ex. 11). On October 14, 2009, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 6, Ex. 13).

### Federal Habeas Corpus

The instant federal habeas corpus action was filed with the Court on April 7, 2010. (Doc. 1). Petitioner asserts three grounds for relief:

---

because of what he did to Sammy D." (Doc. 6, Ex. 15, Ex. B).

4

GROUND ONE:
Petitioner was found guilty of Robbery and Theft, as those findings were not supported by sufficient evidence, and the State failed to meet its burden of proof. Violating Petitioner's 5th, 6th & 14th Amend. rights to the U.S. Constitution.

Supporting Facts: The evidence introduced at Petitioner's trial wasn't legally sufficient to support a verdict of guilty on Robbery and Theft. The alleged victim never made any allegations in his testimony of any use of immediate force. Also, the witnesses testimonies were inconsistent, even in regards to the theft charge.

GROUND TWO:
The trial court erred to the prejudice of the Petitioner by finding him guilty of Robbery and Theft, as those findings were contrary to law, and were against the manifest weight of evidence. Thereby violating Petitioner's 5th, 6th, & 14th U.S. Constitutional rights.

Supporting Facts: In the case at bar, the trial court clearly "lost its way" in concluding that Petitioner was guilty of Robbery and Theft. If this court reviews the entire record, including the transcripts of the trial and weight all the evidence, there can only be one conclusion. The trial court clearly lost its way and created a manifest miscarriage of justice.

GROUND THREE:
The trial court erred to the prejudice of the Petitioner by overruling his motion for acquittal under Ohio Criminal Rule 29, as the State failed to meet its burden of proving that Petitioner was guilty of Robbery and Theft. Violating Petitioner's 5, 6, & 14th U.S. Const. Rights.

Supporting Facts: There was insufficient evidence that Petitioner robbed or stole from the victim Mr. Hutchinson. At the time of the Rule 29 motion, the evidence presented in this case was so slight that, as a matter of law, it was insufficient to support the trial court's decision. Therefore, the evidence was insufficient to support the trial court's verdict.

(Doc. 1, pp. 6-9).

Respondent opposes the habeas petition. (Doc. 6). In the return of writ, respondent contends that Grounds One and Three of the petition are without merit and Ground Two is not cognizable in federal habeas corpus. *Id.*

## III. THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER'S GROUNDS FOR RELIEF ARE WITHOUT MERIT OR NOT COGNIZABLE IN HABEAS CORPUS.

In this federal habeas case, the applicable standard of review for addressing the merits of petitioner's due process claim is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). The provision applies even in cases where the state courts summarily reject a claim or issue a ruling "unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter,* 131 S.Ct. 770, 784-85 (2011).

A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes,* __ U.S. __, 130 S.Ct. 1171, 1173 (2010). "[A] federal habeas court reviewing the state-court judgment must apply the law that controlled 'at the time his state-court conviction became final.'" *Miller v. Stovall,* 608 F.3d 913, 919 (6th Cir. 2010) (quoting *Williams v. Taylor,* 529 U.S. 362, 390 (2000)), *petition for cert. filed,* 79 U.S.L.W. 3404 (U.S. Dec. 21, 2010) (No. 10-851).

In addition, the "contrary to" and "unreasonable application" clauses set forth in 28 U.S.C. § 2254(d)(1) have independent meanings:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts . . . . The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case . . . . The focus on the latter inquiry is on whether the state court's application of clearly established federal law is

6

objectively unreasonable, and . . . an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct. at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. Moreover, under the "unreasonable application clause" inquiry, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

  A.  **Grounds One and Three of the petition are without merit.**

In Ground One, petitioner claims that his convictions were obtained in violation of due process because the verdicts were not supported by sufficient evidence. (Doc. 7, p. 4). In Ground Three, petitioner contends that the Ohio trial court erred in denying his motion for acquittal under Ohio R. Crim. P. 29. *Id.* As petitioner and respondent have both acknowledged, since a Rule 29 motion for acquittal is based on a claim of insufficient evidence the claims are essentially the same and can be handled as one claim. (*See* Doc. 7, p. 5; Doc. 6, p. 17).

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to

7

constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970). In analyzing claims of insufficient evidence, the Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Id.* at 318-319.

On habeas corpus review, the Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id.* at 189-99. In addition, circumstantial evidence may be sufficient to support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *See Jackson,* 443 U.S. at 326; *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *Jamison v. Collins,* 100 F. Supp.2d 647, 705 (S.D. Ohio 2000), *aff'd,* 291 F.3d 380 (6th Cir. 2002). Therefore, the question for this Court is whether the Ohio Court of Appeals' application of the "no rational trier of fact" test, as articulated in *Jackson* and adopted as a matter of Ohio law in *State v. Jenks*, 574 N.E.2d 492 (Ohio 1991), was contrary to or an unreasonable application of that test to the facts of this case.

In the instant case, the Ohio Court of Appeals found that sufficient evidence was provided for the trial court to have found petitioner guilty beyond a reasonable doubt:

> {¶ 5} In his first, second, and third assignments of error, Smith asserts (1) that there was insufficient evidence to support his conviction, (2) that his conviction

8

was against the manifest weight of the evidence, and (3) that the trial court erred when it denied his Crim. R. 29(A) motion for an acquittal.

{¶ 6} We find no error. Carter's and Hutchinson's testimony provided sufficient evidence for the court to find Smith guilty beyond a reasonable doubt.[FN1] And while there were conflicts in the evidence presented, there is no indication that the trial court so "lost its way" in resolving these conflicts as to warrant a new trial.[FN2] These assignments of error are overruled.

> FN1. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.

> FN2. See *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; *State v. Martin* (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.

(Doc. 6, Ex. 9, p. 3).

Under Ohio Rev. Code § 2913.02(A)(3), "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [u]se or threaten the immediate use of force against another." Petitioner bases his sufficiency-of-evidence claim on the fact that "the alleged victim made no allegations in his testimony of any use of threat o[r] use of immediate force." (Doc. 7, p. 6). He further contends that the testimony offered by the victim and state's witness David Carter were inconsistent concerning whether petitioner threatened or used force on the alleged victim. *Id.* at 6-7. Petitioner claims that no reasonable trier of fact could find that he was guilty beyond a reasonable doubt based on the evidence offered at trial. *Id.* at 7.

After review of the entire record, the Court finds that petitioner has not demonstrated that the Ohio Court of Appeals' decision was contrary to or an unreasonable application of federal law. Although the Ohio Court of Appeals cited only state cases, the court correctly indentified and applied the clearly-established standard of review enunciated by the Supreme Court in *Jackson* in assessing petitioner's claims and reasonably determined that "*any* rational trier of fact

9

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

During trial, the prosecution offered testimony to establish that petitioner took money from the victim, Sam Hutchinson, and that petitioner used force during the incident. Hutchinson testified that petitioner, accompanied by Carter, entered his home and identified himself as an "insurance man." (Doc. 6, Tr. 6-8). He testified that during this visit petitioner reached into his pocket and took five hundred dollars from him. *Id.*

Carter testified that he accompanied petitioner to Hutchinson's residence. (Doc. 6, Tr. 13). After Hutchinson let them into his home, petitioner asked Hutchinson if he had any personal identification. *Id.* at 13-14. According to Carter, after Hutchinson took his wallet out of his pocket and indicated that he had identification, petitioner "snatched [Hutchinson's] wallet out of his hand, took his money out of the wallet, grabbed [Hutchinson], and thr[ew] him against the wall and took off running." *Id.* at 14. Carter indicated that he tried to catch petitioner but did not see him again until two days after the incident, when Carter observed petitioner with about a hundred dollars worth of scratch-off lottery tickets. *Id.*

Petitioner testified that it was Carter who had taken the money from Hutchinson. On the day of the incident petitioner stated that he prepared a sworn affidavit for Carter's use in a social security case. *Id.* at 29-30. According to petitioner, Carter indicated that he did not have money to pay him for preparing the affidavit, but told petitioner to "[c]ome with me . . . I think I can get a hold of some money," before taking him to Hutchinson's home. *Id.* at 30-31. Petitioner testified that Carter asked Hutchinson for money. *Id.* at 31. He stated that after Hutchinson took his wallet out of his pocket and removed money from the wallet, that Carter took the money from Hutchinson and left. *Id.* Petitioner testified that he purchased the lottery tickets with money

10

from construction work he did with his brother's company. *Id.* at 31-32.

On cross-examination, the prosecutor questioned petitioner about his criminal record. *Id.* at 33-35. The prosecutor established that petitioner was sentenced to fifteen years for robbery and aggravated burglary in 1990, that he had been convicted of theft and falsification in 2004, and that he was on post-release control for a robbery conviction at the time of trial. *Id.*

After review of the evidence admitted at trial, the Court finds that there was sufficient evidence such that any rational trier of fact could find petitioner guilty of robbery beyond a reasonable doubt. While petitioner argues that Hutchinson himself did not testify as to force used against him and points to inconsistencies between Hutchinson's and Carter's testimony, petitioner's arguments do not demonstrate that the Ohio Court of Appeals' decision was an unreasonable application of federal law. Hutchinson and Carter provided the trier of fact with two eyewitness accounts of the incident, both indicating that petitioner took money from Hutchinson. Additionally, Carter testified that petitioner threw Hutchinson up against the wall after taking his money. *Id.* at 14. As the trial judge reasoned in finding sufficient evidence for the conviction, it was not necessary that Hutchinson himself testify that petitioner used force in light of Carter's testimony:

> Well, this case not only depends on Mr. Hutchinson's testimony, we also have the testimony of David Carter. Mr. Smith of course, his credibility is out of the window with all the convictions and things of that nature, so, I don't think you can place any credibility on him at all.
>
> I think there is sufficient evidence here to show that Mr. Smith is the one who grabbed the wallet and slammed Mr. Hutchinson up against a wall. So, there was use of force here.

(Doc. 6, Tr. 38-39). Though Hutchinson did not testify that petitioner used force in the robbery, Carter's eyewitness account provided the trial judge and appellate court with sufficient evidence to support petitioner's convictions under the *Jackson* standard.

11

Alleged contradictions between Hutchinson's and Carter's testimony also do not make the Ohio Court of Appeals' decision an unreasonable application of clearly established federal law. Petitioner argues that Carter's trial testimony contradicts Hutchinson's testimony with regard to whether force was used during the incident.[4] (Doc. 7, pp. 6-8). However, Hutchinson was never asked whether petitioner used force against him so his testimony did not contradict Carter's on this matter. (Doc. 6, Ex. 9, p. 2). Additionally, as respondent has argued, petitioner's trial counsel was not precluded from seeking testimony from Hutchinson regarding whether force was used and counsel's failure to inquire "may have suggested to the trier of fact that Hutchinson would have confirmed the testimony of Carter on this matter and thereby bolstered the State's case." *Id.* at 19.

As the Supreme Court held in *Jackson*, deference must be given to the trier of fact in resolving conflicts in testimony in favor of the prosecution and in weighing the evidence and drawing reasonable inferences from the evidence. *Jackson,* 443 U.S. at 318-19, 326. In this case, the trial judge clearly stated that it did not credit petitioner's testimony in light of his criminal record.[5] (Doc. 6, Tr. 39). The trial judge instead credited the evidence offered by the prosecution and reasonably concluded that petitioner used force during the incident.

---

[4] Petitioner also argues that Carter's testimony was inconsistent with a prior written statement made to the Lockland Police Department. (Doc. 7, pp. 6-8). However, "the sufficiency of evidence review authorized by *Jackson* is limited to 'record evidence.'" *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (citing *Jackson*, 443 U.S. at 318). In this case, the Ohio Court of Appeals specifically noted that the statement was outside the record of petitioner's appeal. (Doc. 6, Ex. 9, pp. 4-5). Accordingly, the Court is precluded from considering Carter's written statement in assessing whether the Ohio appellate court's decision was contrary to or involved an unreasonable application of the *Jackson* sufficiency of evidence standard.

[5] During petitioner's sentencing hearing, the prosecutor summarized petitioner's criminal record as follows:

> Judge, let's hear what we got: felony assault and battery, 1967; larceny in '67; fraud to '68; robbery 1991; theft '82; aggravated burglary 1990; robbery 1990; robbery 2007 - - just got out of prison for that and still has over a thousand days left on Post-Release Control. Misdemeanors, I stopped counting convictions at 20; assault, theft, menacing.

(Doc. 6, Tr. 41).

When viewing all of the evidence in the light most favorable to the prosecution, and for the reasons stated by the state appellate court, this Court concludes that the evidence was constitutionally sufficient to sustain petitioner's convictions. The Ohio Court of Appeals was not unreasonable in finding that a rational trier of fact could find beyond a reasonable doubt that petitioner took money from Hutchinson and that he used force in doing so.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to relief based on the claims raised in Grounds One and Three of the petition challenging the sufficiency of the evidence supporting his convictions. The Ohio Court of Appeals' adjudication of the sufficiency-of-evidence claim alleged in Ground One involved a reasonable application of the *Jackson* standard and was based on a reasonable determination of the facts in light of the evidence presented at trial. Based on the same reasoning, the Court finds that Ground Three is also without merit.[6]

### B. Ground Two is not cognizable in habeas corpus.

In Ground Two, petitioner contends that his convictions were contrary to law and against the manifest weight of the evidence. (Doc. 7, p. 4).

Ground Two does not state a cognizable claim for federal habeas relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to

---

[6] Through counsel, petitioner raised a Rule 29 motion at the close of the prosecution's case (Doc. 6, Tr. 23-26) and prior to the verdict. *Id.* at 38-39. In both instances, the trial judge had heard the testimony of Hutchinson and Carter and, based on the above analysis, had been presented with sufficient evidence to support petitioner's convictions. Therefore, petitioner has not demonstrated that the Court of Appeals' decision with regard to Ground Three was contrary to or an unreasonable application of federal law.

reexamine state-court determinations on state-law questions"). The manifest-weight-of-the-evidence claim alleged in Ground Two raises an issue of state-law only. *See Tibbs v. Florida,* 457 U.S. 31, 41-47 (1982); *State v. Thompkins,* 678 N.E.2d 541, 546-48 (Ohio 1997).[7]

The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir. 1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 319.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence–as opposed to one based upon insufficient evidence–requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 485 N.E.2d 717, 720 (Ohio App. 1 Dist. 1983); *cf. Tibbs v. Florida,* 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

Therefore, Ground Two of the petition should be dismissed as it is not cognizable in federal habeas corpus.

---

[7] It is noted that *Thompkins* was superseded on other grounds by state constitutional amendment allowing for state supreme court review of manifest-weight-of-the-evidence claims in death penalty cases. *See State v. Smith,* 684 N.E.2d 668, 683-84 & n.4 (Ohio 1997).

Accordingly, in sum, the Court concludes that Grounds One and Three of the petition are without merit and Ground Two is not cognizable in federal habeas corpus. Therefore, it is **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/9/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY SMITH,
    Petitioner,

vs.

WARDEN, HOCKING CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:10-cv-218

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry Smith # 585633
Hocking Corr. Facility
PO Box 59
Nelsonville, OH 45764

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7001 2510 0008 6348 6953

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540